IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Angela Hargett, ) | Case No.: 0:19-01731-JD |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Andrew Saul, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett ("Report and Recommendation") pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Angela Hargett ("Hargett") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her Disability Insurance Benefits ("DIB"). The Magistrate Judge issued her Report and Recommendation on September 22, 2020, finding that "Hargett has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard[,]" and therefore, recommending that the Commissioner's decision be affirmed. (DE 16.)

On October 16, 2020, Hargett filed objections to the Report and Recommendation. (DE 23.) Thereafter, on October 22, 2020, the Commissioner filed a response to Hargett's objections. (DE 24.) Having carefully considered the parties' submissions and the applicable law, the Court adopts the Report and Recommendation and affirms the Commissioner.

1

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. (DE 18, pp. 3-5.) However, as a brief background, Hargett was born in 1965 and was forty-nine years old on her alleged onset date. She obtained a general equivalency diploma and has past relevant work experience as a delivery worker, cleaner, and office worker. (DE 18, p. 3.) Hargett alleged disability due to fibromyalgia, attention deficit disorder, depression, and anxiety. (DE 18, p. 5.)

Hargett applied for DIB, alleging disability beginning March 10, 2015. A hearing was held on December 12, 2017, and the ALJ heard testimony from Hargett and her vocational expert Ms. Carol Sarn, M.Ed., LPC ("Sarn"). However, the ALJ gave little weight to Sarn's medical opinions.[1] The ALJ issued a decision on April 10, 2018, finding that Hargett was not disabled from the alleged onset date through the date of the decision. (DE 18, p. 3.) Moreover, the ALJ found that Hargett had not engaged in substantial gainful activity during the period from her alleged onset date through the date of the decision. However, the ALJ determined that Hargett's fibromyalgia, chronic neck pain, lumbar spine spondylosis, obesity, major depressive disorder, anxiety disorder, and attention deficit hyperactivity disorder were severe impairments. Nevertheless, the ALJ found that Hargett did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Hargett retained the residual functional capacity to:

---

[1] The ALJ found that because Sarn had met with Hargett only 5 times during a two-month window that the treatment window was insufficient to extrapolate the entire period under consideration. The ALJ further explained the weight given to Sarn's testimony stating, "[h]er later medical opinions regarding the claimant's mental health fail to note that the claimant was medically noncompliant for large periods of time. Further, Ms. Sarn ventures an opinion regarding the claimant's fibromyalgia, despite having no medical expertise that would give informational value to her opinion. In addition, the undersigned notes that her conclusions are inconsistent with objective medical evidence and clinical findings in the record. *For these reasons*, little weight is given to this source." (DE 18, p. 9.) (emphasis added)

2

perform light work as defined in 20 CFR 404.1567(b), except the claimant can, at most, only frequently climb, balance, stoop, kneel, crouch, and crawl. The claimant can perform simple, routine, repetitive, unskilled work tasks. The claimant would also be capable of concentrating on simple tasks for two hours before taking a break, and for eight hours total in a workday. The claimant could have only occasional contact with supervisors, coworkers and the public. In addition, this work would need to be performed in a low stress, non-production work setting.

(DE 18, p. 3.)

Although the ALJ found that Hargett was unable to perform any past relevant work, the ALJ found that Hargett's age, education, work experience, and residual functional capacity, afforded her the opportunity to perform jobs that existed in significant numbers in the national economy. Therefore, Hargett was not disabled from March 10, 2015 through the date of the decision. The Appeals Council denied Hargett's request for review on November 29, 2018, thereby making the decision of the ALJ the final action of the Commissioner. (DE 18, p. 5.) The Report and Recommendation supports this finding.

Hargett objects[2], challenging the Report and Recommendation citing the following: 1) the ALJ failed to properly evaluate Hargett's fibromyalgia and 2) the ALJ failed to properly evaluate the opinion evidence of Sarn as an "acceptable medical source". (DE 23, p. 1.)

## **LEGAL STANDARD**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1). However, de novo review is unnecessary when a party

---

[2] A party may object to the report of the magistrate judge, and the district court reviews de novo only those portions of the report where a party has raised specific objections. See 28 U.S.C. § 636(b)(1).

makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the report and recommendation only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.")

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[3] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. Johnson v. Barnhart, 434 F.3d 650 (4th Cir. 2005). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or

---

[3] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

4

substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id.

## DISCUSSION

Hargett objects to the Report and Recommendation which states that the ALJ considered Hargett's reports of pain; however, he also considered other evidence of record. Hargett contends that the ALJ failed to show *how* he accounted for Hargett's subjective fatigue and fibromyalgia pain when formulating Hargett's residual functional capacity ("RFC"). (DE 23, p. 2.) Hargett cites Sarcinella v. Berryhill, for the proposition that "because fibromyalgia symptoms may be entirely subjective the ALJ should have explained how he factored fibromyalgia subjective pain and fatigue into the RFC determination." No. 8:16-cv-1216, 2017 WL 1710948 at *15 (D.S.C. April 21, 2017). The District Court in Sarcinella took exception to the ALJ relying exclusively on objective medical evidence to evaluate the claimant's fibromyalgia without considering the subjective nature of fibromyalgia. However, the Report and Recommendation in this case considers both and found that:

> Specifically, the ALJ observed that:
> - treatment records in 2015 indicated reports of fatigue, general back pain, and joint stiffness (Tr. 339-44);
> - notes indicated that Hargett "originally stopped taking all medications to treat her fibromyalgia symptoms; these symptoms seemed to improve for a short period after she began taking her medications again and went to physical therapy" (Tr. 35) (citing Tr. 419, 458-74, 974-82);
> - treatment notes indicated that Hargett had "a largely normal gait and full muscle strength in all major muscle groups" (Tr. 35) (citing Tr. 335-48);
> - treatment records in 2016 suggested that Hargett was "still able to function, despite her various severe medically determinable impairment symptoms that returned when the claimant decided she would no longer take her medications" (Tr. 36) (citing Tr. 493-508, 560-82, 974-82, 1298-1312);

- a July 2016 treatment note indicated that Hargett reported that "she moved and lifted heavy items while moving; although she reported significant pain afterwards, physical examination of the claimant revealed that she had no significant abnormalities" (Tr. 36) (citing Tr. 1507-08, 1512); and
- treatment records from 2018 "are largely unremarkable, noting no sign physical abnormalities" (Tr. 36) (citing Tr. 983-1263).

(DE 18, p. 6.)

Since the ALJ considered the objective and subjective evidence and ruled Hargett could perform a reduced range of light work, this Court finds that the subjective complaints were considered. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Johnson v. Barnhart, 434 F.3d 650 (4th Cir. 2005).

Secondly, Hargett objects to the Report and Recommendation's conclusions regarding Sarn's opinions, principally because the ALJ concluded "her conclusions are inconsistent with objective medical evidence and clinical findings in the record." However, the Report and Recommendation is not limited to this sound bite. A review of the record shows that the ALJ made its ruling on several factors and concluded "[f]or *these* reasons, little weight is given to this source." See n. 1, supra (emphasis added). This Court finds that the Report and Recommendation's findings regarding the weight given to Sarn's opinion is not an imprimatur requiring objective proof of Hargett's fibromyalgia. Rather, the Report and Recommendation simply recognized that Hargett has failed to demonstrate that the ALJ's evaluation of these opinions are unsupported by substantial evidence or based on an incorrect application of the law. See 20 C.F.R. § 404.1527(c); Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (stating that "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight") (internal quotation marks and citation omitted); Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015) ("An ALJ's

6

determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' . . . or has failed to give a sufficient reason for the weight afforded a particular opinion[.]") (internal citations omitted).

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation and affirms the Commissioner.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

March 30, 2021
Greenville, South Carolina